IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE COOPER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DIRECTOR OF CORRECTIONS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:09-cv-01057 LJO JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

　　　　Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the Court is Plaintiff's complaint filed June 16, 2009.

**I.　　SCREENING**

　　　　**A.　　Screening Requirement**

　　　　The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.      Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.      Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE COMPLAINT

In his complaint, Plaintiff identifies the following as defendants to this action: the Director of the California Department of Corrections and Rehabilitation ("CDCR"), Warden Yates, Captain Shannon, and Lieutenant Perry.  Plaintiff alleges that in December 2008, he was involved in an altercation with another inmate.  Subsequently, a disciplinary hearing found Plaintiff guilty of fighting, which resulted in lost privileges, good time credits, and work credits.  However, in Plaintiff's view, he did not receive a "fair and impartial hearing."  Plaintiff appealed the decision to Defendants Shannon, Yates, and the Director of the CDCR, but without success.  Accordingly, Plaintiff has filed the instant civil rights action, seeking monetary damages and declaratory relief.  (Compl. at 3.)

## III.    DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained unless the plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87.  The rule enunciated by the United States Supreme Court in Heck has been extended to prison disciplinary proceedings where good time credits have been forfeited.  See Edwards v. Balisok, 520 U.S. 641, 644-48 (1997).  Therefore, a prisoner's § 1983 action challenging a disciplinary hearing "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)

1 – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).

Here, Plaintiff challenges a disciplinary hearing that resulted in the loss of good time and work credits. If Plaintiff is successful on this claim, his success would necessarily imply the invalidity of those lost good time and work credits and would therefore imply the invalidity of his confinement. Plaintiff, however, has not demonstrated that his good time and work credits have been restored or that his disciplinary conviction has been set aside or overturned. Accordingly, Plaintiff's claim appears to be barred by Heck and its progeny.

The Court will therefore provide Plaintiff with the opportunity to file an amended complaint demonstrating that the challenged disciplinary conviction has been set aside or overturned.[1] See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

## IV. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed;

2. Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

---

[1] If, however, Plaintiff is unable to demonstrate that the challenged disciplinary conviction has been set aside or overturned, he is advised that his claims are properly presented in a petition for a writ of habeas corpus, not in a civil rights action under § 1983.

of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **November 2, 2010**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE